**G. D. SEARLE & CO., a corporation, Plaintiff,**

v.

**INSTITUTIONAL DRUG DISTRIBUTORS, Inc., a California Corporation, Defendants.**

**No. 19884.**

United States District Court, S. D. California, Central Division.

June 18, 1955.

McCutchen, Black, Harnagel, & Greene, Harold A. Black, Philip K. Verleger, Los Angeles, Cal., Sidley, Austin, Burgess & Smith, Chicago, Ill., for plaintiffs.

Elwood S. Kendrick, Los Angeles, Cal., and Harry Kotlar, Beverly Hills, for defendant.

YANKWICH, Chief Judge.

The application of the plaintiff for a preliminary or interlocutory injunction heretofore argued and submitted, is now decided as follows:

Injunction will issue as follows:

That the defendant, Institutional Drug Distributors, Inc., and its officers, agents, employees, privies, successors, assigns, and all other persons acting by and under it, during the pendency of this action and permanently thereafter, be enjoined and restrained from:

(a) using Dram-A-Mine—I.D.D. or any other counterfeit, copy, or colorable imitation of plaintiff's federally registered trade-mark Dramamine on or in connection with the manufacture, distribution, advertising and sale of a motion sickness remedy or any other medical or pharmaceutical product;

(b) passing off, or providing others with the means of passing off in any manner, the defendant's product as that of plaintiff's or as having any connection with plaintiff;

(c) using any marks, or doing any acts or things likely to induce the belief on the part of the public that the defendant or the defendant's product is in any way connected with plaintiff or plaintiff's product.

Bond in the sum of $5000.00 to be filed by the plaintiff in accordance with the requirements of Rule 65(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Findings and Order to be prepared by counsel for the plaintiff according to Rule 52, Federal Rules of Civil Procedure and Local Rule 7.

### Comment

A study of the complete record including the depositions of Lewis S. Hoyt, Ste-

phen Chase and Julius K. Hornbeing, as well as the memoranda filed in this case, leads to the conclusion that injunctive relief should issue.

The facts presented by the record are simple. The plaintiff, drug manufacturers, have adopted and registered the trade-mark Dramamine for Dimenhydrinate tablets. The registration, dated March 17, 1949, shows that the mark was first used on December 31, 1948, and first used in commerce on January 28, 1949. The mark is a strong, non-descriptive and valid mark, used to designate tablets of Dimenhydrinate, useful in the prevention and treatment of motion sickness, nausea and vomiting. The defendants have deliberately infringed the mark of the plaintiff. They use the identical word, except that they divide the syllables in this manner Dram-A-Mine and add the letters I. D. D. Their excuse for the violation is that the plaintiff has been guilty of illegal and monopolistic practices. A study of the record fails to convince me that there are any illegal or monopolistic practices. The record before me does practices.

The plaintiffs have achieved preeminence in the trade for the product and the fanciful mark by which it is known. But they are not to be penalized any more than the owners of Thorazine and Milltown tablets, the names of which are predominant in the field of drugs aimed to curb tension and anxiety. And the record before us fails to disclose any illegal price fixing. Searle *does not* sell direct to the public but through agents, well-known wholesale druggists, such as Brunswig, McKesson & Robbins and others. Even when a sale is made directly to a hospital or other institutions, it is cleared through the local agent so the plaintiff does not compete with its agents.

The agreement between Searle and its agents as to the retail price and discounts allowed is not a violation of anti-trust laws, old or new. See, Dr. Miles Medical Co. v. John D. Park & Sons Co., 1911, 220 U.S. 373, 31 S.Ct. 376, 55 L.Ed. 502; Pick Mfg. Co. v. General Motors Corp., 1936,

299 U.S. 3, 57 S.Ct. 1, 81 L.Ed. 4; 15 U.S.C.A. § 1 as amended July 7, 1955; Sunbeam Corp. v. Payless Drug Co., D.C. Cal.1953, 113 F.Supp. 31, 37–41. They are contracts allowed both under the Miller-Tydings Act of 1937 and the McGuire Act of 1952, 15 U.S.C.A. § 45, which recognize the validity of fair trade practices prescribing minimum resale price as to brand, trade-name and trademark products in interstate commerce when state law authorizes such practices. See, United States v. McKesson & Robbins, 1956, 351 U.S. 305, 76 S.Ct. 937.

Hence the ruling above made.